**EDITH JENNINGS, Plaintiff**

**v.**

**ANTHONY RICHARDS and MANNASSAH BUS LINES, INC.,**
**Defendants**

Civil No. 1990-311

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 3, 1995

THOMAS K. MOORE, *Chief Judge*

## MEMORANDUM

This matter came before the Court on the question of whether the Commissioner of Labor has the authority to compromise a worker's compensation lien in order to effect a settlement between the injured worker and the third party tortfeasor. In addition to the briefs submitted by both parties, the Government of the Virgin Islands filed a brief as amicus curiae and appeared along with the parties for argument at the hearing held on December 16, 1994. The premises being capably presented, the Court finds that the Commissioner of Labor does indeed have the authority to compromise the government's worker compensation liens, pursuant to V.I. CODE ANN., tit. 24 § 263. The findings read into the record at the hearing are incorporated and elaborated in this memorandum.

■ Section 263 provides, *inter alia*, that the Commissioner of Labor shall subrogate himself to the rights of an injured employee who is entitled to institute an action for damages against a third-person tortfeasor in all cases where the Government Insurance Fund is obliged to compensate or furnish treatment to the employee. The Commissioner is empowered to institute proceedings directly against the tortfeasor with notice to the injured employee. By the strict wording of the statute, the injured employee can neither institute an action nor compromise the right of action without the assent and participation of the Commissioner. Furthermore, section 263 provides that "no compromise . . . shall be valid or effective in law unless the expenses incurred by the Government Insurance Fund are first paid."

■ While the Government argues that this clause implies the want of authority on the part of the Commissioner to compromise its lien on any settlement reached between the injured employee and the tortfeasor, the Court finds that the remaining paragraphs in section 263 support the opposite conclusion, namely:

> The Commissioner may compromise as to his rights against a third party responsible for the damages. No such extrajudicial compromise, however, shall affect the rights of the workman or employee, or of his beneficiaries, without their express approval.

189

■ In effect, section 263 contemplates that all parties to a suit to recover damages for an injured employee may compromise their claims in aid of settlement, as long as each party expressly consents to the compromise. The general intent of the statute that the Government Insurance Fund shall be recompensed for all expenses paid to an injured worker is qualified by the specific grant of power to the Commissioner to compromise recovery of the full amount. Implicit in the power to litigate and compromise claims directly with third parties is the power to compromise extant liens against the injured worker in order that the worker can reach a settlement with the third party. Furthermore, the power vested in the Deputy Commissioner of Labor to litigate claims directly against third parties carries with it the authority to waive all recovery from that third party. Hence, the Commissioner's discretion to compromise a lien against the injured worker cannot be limited to partial compromise, but rather must encompass the power to effect a total waiver of recovery when, in the conscientious exercise of his discretion, the Commissioner deems waiver appropriate.

■ As counsel for plaintiff and defendants have pointed out, the opposite conclusion would engender wasteful disincentives. If, as in the case at bar, the compensable damages of the injured party far exceed the potential recovery from the tortfeasor, there can be no incentive for the injured party to initiate an action since any recovery by the plaintiff would automatically revert to the Government. In a negotiated compromise among the plaintiff, the tortfeasor and the Government, both the Government and the injured party would recover something. Otherwise, the Government Fund could only be recompensed through litigation initiated by the Attorney General.

■ The Government also asserts that the Commissioner of Finance, as administrator of the Government Insurance Fund, would be the only party authorized to compromise worker's compensation liens. Section 263 vests the power to settle claims against tortfeasors in the Commissioner of Labor. Section 256 vests the power to issue, review, and revise compensation awards, as well as numerous other administrative duties, with the Deputy Commissioner. Taken as a whole, the worker's compensation

190

statute clearly envisions the Commissioner and Deputy Commissioner of Labor as the administrators of the worker's compensation laws. Accordingly, there is little support for the notion that someone involved only in the accounting of the Fund, such as the Commissioner of Finance, should assume the role of exclusive negotiator, a role which demands a familiarity with the factual details of each case as well as the general policies and procedures employed by the Department of Labor in its administration of the worker's compensation laws. Proper exercise of the power to compromise or waive liens can only be accomplished by someone with the requisite expertise.

Government of the Virgin Islands v. Garvey and Maynard, V.I. Supp. Op. Civil No. 1985-7 (Dist. Ct. of St. Thomas & St. John, Oct. 4, 1990), teaches that the Government must contribute a pro rata share towards the attorney's fees paid by a private citizen in a case where the private citizen's action makes funds available to the government. There is no reason that such a principle should not apply to cases initiated by injured employees which produce a recovery subject to lien under the worker's compensation statute.[1]

As the Court also finds that section 263 implies a duty on the part of the Commissioner to participate in settlement negotiations, the Court will enter an order directing the plaintiff, the defendants, and the Commissioner of Labor, or his designated representative, to engage in good faith negotiation within the parameters of this Memorandum. An appropriate order follows.

## ORDER

This matter came before the Court at the Court's request for further briefing on the question of whether the Commissioner of

---

[1] The Court does not find, however, that a proportional recovery for the Government, as advocated by the plaintiff, is the necessary corollary to the holding in Garvey. Though proportional recovery, i.e. recovery for the Government of a fraction of a settlement negotiated by the worker equal to the fraction of the worker's damages compensated by the award, carries an obvious appeal, this issue is not appropriately before the Court at this time. Thus, today's ruling only reflects the Court's finding that the Commissioner of Labor does indeed have the discretion to compromise a worker's compensation lien below the expenses paid to the worker in order to effectuate settlements between the injured workers and third party tortfeasors. Whether the Commissioner of Labor chooses to follow a principle of proportional recovery or some other level of compromise is, at present, left to his or her discretion.

Labor has the authority to compromise a workman's compensation lien in order to effect a settlement between the injured worker and the third party tortfeasor. In light of the findings listed in the attached Memorandum of Law, it is hereby

ADJUDGED and DECREED that the Commissioner of Labor possesses the authority to compromise some or all of a worker's compensation lien in aid of settlement between an injured worker and the tortfeasing third party; it is further

ORDERED that all parties, including the Commissioner of Labor, shall proceed with negotiation in this case in light of the principles enunciated in the attached Memorandum of law.